**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0448V
UNPUBLISHED

| | |
|---|---|
| LESLI AUTUMN AKERS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 18, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

      On April 16, 2020, Lesli Autumn Akers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on September 13, 2018. Petition at 1, ¶ 2. In the alternative, she maintains that her SIRVA was caused-in-fact by the flu vaccine. *Id.* Petitioner further alleges she received the vaccine in the United States, that she continues to suffer the residual effects of her SIRVA more than six months post-vaccination, and that neither she nor any other person has filed a civil action or received compensation for her SIRVA. Petition at ¶¶ 2,

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

17-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 23, 2021, Respondent filed a Rule 4(c) Report, arguing that Petitioner's injury does not meet the definition for a Table SIRVA because she has failed to establish that her pain began within 48 hours of vaccination, and that she has failed to satisfy the Vaccine Act's six-month severity requirement. Rule 4(c) Report at 8-10, ECF No. 21. On August 30, 2021, I issued a ruling finding and suffered the residual effects of the left shoulder pain she experienced post-vaccination for more than six months. ECF No. 22.

On October 15, 2021, Respondent filed an amended Rule 4(c) Report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, ECF No. 24. While noting that he reserves the right to appeal, Respondent indicates he will no longer defend this case. *Id.* at 8, 8 n.1. He asks that I schedule further proceedings to determine the appropriate amount of compensation. *Id.* at 9.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master