# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-0448V
UNPUBLISHED

|  |  |
|---|---|
| LESL AUTUMN AKERS,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On April 16, 2020, Lesli Autumn Akers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on September 13, 2018. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 18, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On March 11, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,031.02, representing $90,000.00 for her pain and suffering and $31.02 for medical expenses paid

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

by Medicaid. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award $90,031.02 as follows:**

1. **A lump sum payment of $90,000.00 for her pain and suffering in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $31.02, representing compensation for satisfaction of the State of Tennessee and Bureau of TennCare's Medicaid lien, payable jointly to Petitioner and to:**

TennCare Casualty Recovery
MSC# 1414
P.O. Box 305133
Nashville, TN 37230-1414
RID#: TD521150406

Proffer at 2. Petitioner agrees to endorse the check to TennCare Casualty Recovery for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

LESLI AUTUMN AKERS,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

Case No. 20-448V (ECF)
CHIEF SPECIAL MASTER
CORCORAN

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

## I.    Procedural History

On August 30, 2021, the Chief Special Master issued the Court's Findings of Fact and Conclusions of law,[1] regarding onset and severity.  On November 24, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to compensation under the Act.

## II.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,031.02.  The award is comprised of the following: $90,000.00 for pain and

---

[1]  Respondent does not waive his right to have the Court's Findings of Fact and Conclusions of law and the Court's subsequent Ruling on Entitlement reviewed.

suffering and $31.02 for medical expenses paid by Medicaid.[2]  This amount represents all

elements of compensation to which petitioner would be entitled under

42 U.S.C. § 300aa-15(a) regarding her September 13, 2018, influenza vaccination.

Petitioner agrees.[3]

## III.   <u>Form of the Award</u>

Respondent recommends that the compensation provided to petitioner be made

through two lump sum payments as described below:

(1)   The parties recommend that compensation provided to petitioner
should be made through a lump sum payment of $90,000.00, in the
form of a check payable to petitioner.  Petitioner agrees.

(2)   A lump sum payment of $31.02, representing compensation for
satisfaction of the State of Tennessee and the Bureau of TennCare's
Medicaid lien, payable jointly to petitioner and to:

TennCare Casualty Recovery
MSC# 1414
P.O. Box 305133
Nashville, TN  37230-1414
RID#:  TD521150406

Petitioner agrees to endorse this payment to the TennCare Casualty
Recovery.

---

[2]  The $31.02 lump sum payment represents full satisfaction of any right of subrogation,
assignment, claim, lien, or cause of action the State of Tennessee or the Bureau of
TennCare may have against any individual as a result of any Medicaid payments the State
of Tennessee or the Bureau of TennCare made to or on behalf of petitioner from the date
of her eligibility for benefits through the date of judgment in this case as a result of her
alleged vaccine-related injury suffered on or about September 13, 2018, under Title XIX
of the Social Security Act.

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move
the Court for appropriate relief.  In particular, respondent would oppose any award for
future medical expenses, future lost earnings, and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this

case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED:  March 11, 2022